UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CODY WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number: |
| | ) | |
| DIVISION OF YOUTH SERVICES | ) | **JURY TRIAL DEMANDED** |
| OF THE STATE OF MISSOURI | ) | |
| **SERVE:** | ) | |
| Southeast Regional Office | ) | |
| Paula Shaw, Regional Administrator | ) | |
| 1903 Northwood Drive | ) | |
| Poplar Bluff, Missouri 63901 | ) | |
| | ) | |
| RICHARD STEWART | ) | |
| **SERVE:** | ) | |
| W.E. Sears Youth Center | ) | |
| 9400 Sears Lane | ) | |
| Poplar Bluff, Missouri 63901 | ) | |
| | ) | |
| BRIAN HICKS | ) | |
| **SERVE:** | ) | |
| W.E. Sears Youth Center | ) | |
| 9400 Sears Lane | ) | |
| Poplar Bluff, Missouri 63901 | ) | |
| | ) | |
| KEVIN COOPER | ) | |
| **SERVE:** | ) | |
| W.E. Sears Youth Center | ) | |
| 9400 Sears Lane | ) | |
| Poplar Bluff, Missouri 63901 | ) | |
| | ) | |
| AUSTIN ARMS, | ) | |
| **SERVE:** | ) | |
| W.E. Sears Youth Center | ) | |
| 9400 Sears Lane | ) | |

| | |
|---|---|
| Poplar Bluff, Missouri 63901 | ) |
| | ) |
| **ASHLEY BRYANT** | ) |
| **SERVE:** | ) |
| W.E. Sears Youth Center | ) |
| 9400 Sears Lane | ) |
| Poplar Bluff, Missouri 63901 | ) |
| | ) |
| **MIKE BURCHARD** | ) |
| **SERVE:** | ) |
| W.E. Sears Youth Center | ) |
| 9400 Sears Lane | ) |
| Poplar Bluff, Missouri 63901 | ) |
| | ) |
| **GREG ADAMS** | ) |
| **SERVE:** | ) |
| W.E. Sears Youth Center | ) |
| 9400 Sears Lane | ) |
| Poplar Bluff, Missouri 63901 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN/JANE DOES 1-10 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Cody Walters, and for Plaintiff's claims against Defendants, states as follows:

### JURISDICTION AND PARTIES

1. That Plaintiff Cody Walters is, and at all relevant times was, a resident of the State of Missouri. That at the time of the events or omissions giving rise to Plaintiff's claims, Plaintiff was in the custody of the Division of Youth Services and was a resident of the W.E. Sears Youth Center in Poplar Bluff, Missouri.

2.	That upon information and belief, Defendant Division of Youth Services is an agency of the State of Missouri which, at all relevant times, controlled and/or operated the W.E. Sears Youth Center ("Youth Center").  That at all relevant times, the Division of Youth Services acted through its employees, agents and servants, including but not limited to Defendants Richard Stewart, Brian Hicks, Kevin Cooper, Austin Arms, Ashley Bryant, Greg Adams and John/Jane Does 1-10.

3.	That upon information and belief, Defendant Richard Stewart was, at all relevant times, a Facility Manager and/or Supervisor of the Youth Center, acting within the scope and course of his employment with the Division of Youth Services.  That Defendant Stewart is being sued in his individual capacity.

4.	That upon information and belief, Defendant Brian Hicks was, at all relevant times, a Facility Manager and/or Supervisor of the Division of Youth Services, acting within the scope and course of his employment. That Defendant Hicks is being sued in his individual capacity.

5.	That upon information and belief, Defendant Kevin Cooper was, at all relevant times, a Youth Specialist and/or staff member of the Division of Youth, acting within the scope and course of his employment.  That Defendant Cooper is being sued in his individual capacity.

6.	That upon information and belief, Defendant Austin Arms was, at all relevant times, a Youth Specialist and/or staff member of the Division of Youth Services, acting within the scope and course of his employment. That Defendant Arms is being sued in his individual capacity.

7.	That upon information and belief, Defendant Ashley Bryant was, at all relevant times, a Youth Specialist and/or staff member of the Division of Youth Services, acting within

the scope and course of her employment. That Defendant Bryant is being sued in her individual capacity.

8. That upon information and belief, Defendant Greg Adams was, at all relevant times, a Youth Specialist and/or staff member of the Division of Youth Services, acting within the scope and course of his employment. That Defendant Adams is being sued in his individual capacity.

9. That Defendants John/Jane Doe 1-10 are as-yet unidentified entities, agencies or individuals responsible for some or all of the following:

   a. Oversight, care and protection of youth residents housed at the Youth Center, including Plaintiff;

   b. Supervising, monitoring, and searching youth residents at the Youth Center;

   c. Implementation and/or establishment of appropriate policy, procedure, custom and practice for the W. E. Sears Youth Center and/or ensuring appropriate policies, procedures, custom and practices were followed by the employee of the Youth Center;

   d. Hiring, training and/or supervision of employees of the W. E. Sears Youth Center;

   e. Screening, placement and housing of individual youth offenders at the Youth Center; and

   f. Taking corrective action to remedy any constitutional violations by the employees of the W. E. Sears Youth Center.

10. That this Court has jurisdiction over this action by virtue of 28 U.S.C. § 1331 and § 1343 because the matters in controversy arise under the federal law and the United Constitution. That this Court has supplemental jurisdiction over Count II of the Complaint pursuant to 28 U.S.C § 1367.

11. That venue is proper in this Court under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in the Eastern District of Missouri.

## COUNT I
## 42 U.S.C. § 1983

12. That plaintiff repleads, realleges and incorporates by reference paragraphs 1 through 11, as if more fully set forth herein.

13. That Plaintiff brings Count I of his cause of action against Defendants Stewart, Hicks, Cooper, Arms, Bryant, Burchard, Adams, and John/Jane Doe 1-10 in their individual capacities pursuant to 42 U.S.C. § 1983 for damages for Defendants' deprivation of Plaintiff's constitutionally protected rights by reason of Defendants' failure to protect Plaintiff in violation of his Eighth and Fourteenth Amendment Rights.

14. That Plaintiff had the clearly established right under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendment to the United States Constitution to be free from physical harm and abuse while in the care, custody and control of the Defendants.

15. That at all relevant times, Defendants were responsible for the housing, care, safety, custody and control of residents of the Youth Center, including Plaintiff, and owed a duty to protect Plaintiff from violence at the hands of other residents of the Youth Center.

16. That in April, 2011, juvenile J.L. was a resident at the Youth Center. That upon information and belief, prior to being placed at the Youth Center, J.L. had a history of aggressive, violent and/or assaultive behavior.

17. That while housed at the Youth Center, J.L. physically assaulted other residents, including Plaintiff.

18. That on or about April 20, 2011, residents of the Youth Center, including J.L. were assigned the task of mowing of the facility grounds.

19. That, upon information and belief, gasoline, a hazardous material or substance, was placed on the Youth Center premises by employees, agents or servants of the Youth Center and left unsupervised and accessible to the youth residents, including J.L.

20. That the Defendants, and each of them, knew that if a resident of the Youth Center came into the possession of gasoline, the gasoline could be used to harm others, including other residents. That upon information and belief, the Youth Center had a policy and/or procedure mandating that the gasoline and youth residents be supervised to prevent youth from obtaining possession of gasoline or other hazardous and dangerous items.

21. That upon information and belief, on or about April 20, 2011, juvenile J.L. obtained gasoline stored on the Youth Center premises and took that gasoline into the Youth Center's building.

22. That, upon information and belief, on the evening of April 20, 2011, Youth Center employees were alerted to the fact that J.L. made verbal threats and/or statements indicating that he might set someone on fire.

23. That, upon information and belief, Defendants knew that J.L. had physically assaulted and "picked on" and "bullied" Plaintiff in the days before the threats and/or statements were made.

24. That upon information and believe, the Youth Center had written policies and procedures mandating that employees search residents upon entry to the facility; that resident's receiving items on visits be searched; that resident's and resident lockers and beds be searched on unpredictable schedules and when it was suspected that contraband may be present; and that residents be supervised and bed checks be performed during the nighttime hours.

25.     That on upon information and belief, prior to April 23, 2011, J.L. received items from family members during a visits; and that Defendants failed to search J.L. following the visit.

26.     That on April 23, 2011, J.L. was in possession of contraband items including gasoline and a lighter.

27.     That on April 23, 2011, while Plaintiff was sleeping, J.L. poured gasoline on Plaintiff and/or Plaintiff's bed linens and set fire to Plaintiff.

28.     That the Defendants, and each of them, knew of the substantial risk of harm to Plaintiff and, with deliberate indifference, failed to act reasonably to abate the risk of harm to Plaintiff.

29.     That Defendants Stewart, Hicks, and John/Jane Doe 1-10, failed to act reasonably and were deliberately indifferent to the rights of Plaintiff in that said Defendants:  failed to implement and/or enforce adequate policies and procedures for the care, supervision, and safety of residents, including Plaintiff;  failed to train and/or instruct Youth Center employees, agents and servants to properly search, supervise, and monitor youth residents; allowed hazardous or dangerous items including gasoline and lighters to be and remain on the premises and in the possession of youth residents; caused and/or permitted a violent resident with access to a hazardous or dangerous substance and dangerous items to be housed with the other residents, including Plaintiff; failed to segregate a known violent and assaultive resident from other residents; and/or failed to implement and enforce existing policies and procedures for the entry and/or placement of youth into the facility.

30.     That Defendants Stewart, Hicks, Cooper, Arms, Bryant, Burchard, Adams and John/Jane Doe 1-10, failed to act reasonably and were deliberately indifferent to the rights of

7

Plaintiff in that said Defendants: failed to follow mandated procedures regarding the supervision and monitoring of residents including resident J.L.; failed to follow mandated policies and procedures regarding the search of residents, resident lockers, and resident beds; caused, permitted and allowed youth resident J.L. to obtain and possess a hazardous or dangerous substance and dangerous items including gasoline and a lighter; failed to take reasonable measures to report and/or act upon statements made by resident J.L. indicating an intent to harm someone by setting them on fire; and/or failed to supervise and monitor residents during the nighttime hours.

31. That at all relevant times, Defendants, and each of them, were acting under the color of state law.

32. That Defendants, and each of them, violated Plaintiff's Eighth and Fourteenth Amendment rights to be protected from a known and substantial risk of harm.

33. That as a direct and proximate result of the constitutional violations of each Defendant, combining and concurring, Plaintiff was caused to suffer damage.

34. That the unconstitutional conduct of Defendants, and each of them, directly caused or directly contributed to cause a Plaintiff to suffer from permanent and serious injuries, including second and third degree burns to his back, arms and neck; emotional distress; and disfigurement; that all of Plaintiff's injuries are serious, painful, permanent and disabling and will cause plaintiff disability in the future; that Plaintiff was caused to undergo necessary medical, hospital and surgical care; and that in the future, Plaintiff will become obligated for the reasonable cost of necessary medical and psychological care and treatment.

35. That the conduct of the Defendants, and each of them, showed conscious disregard and/or reckless indifference to the rights of Plaintiff, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiffs pray the Court enter judgment in in Count I herein in favor of Plaintiff and against Defendants for actual damages, punitive damages, costs and attorney's fees and for such other relief as the Court deems just and proper.

## COUNT II
## NEGLIGENCE

36. That Plaintiff repleads, realleges, and incorporates by reference all of the allegations paragraphs 1 – 27 herein.

37. That Plaintiff brings Count II of his cause of action against Defendants Division of Youth Services, Stewart, Hicks, Cooper, Arms, Bryant, Burchard, Adams, and John/Jane Doe 1-10.

38. That at all times relevant, Defendants and Defendants' agents, servants and employees, owed a duty to Plaintiff to use reasonable care to protect Plaintiff from harm while Plaintiff was in the custody of the Division of Youth Services and/or a resident of the W.E. Sears Youth Center.

39. That on or before April 23, 2011, Defendants knew or could have known of the substantial risk that juvenile J.L would cause serious physical injury to Plaintiff.

40. That Defendants individually and acting through each other and through each other and Defendants' agents and servants were negligent and derelict in their ministerial duties in that Defendants:

    a. failed to screen youth residents before placement in the Youth Center;

b.  placed a juvenile with a known history of violent and assaultive behavior in the Youth Center;

c.  failed to segregate or separate a juvenile from the other youth when Defendants knew that juvenile had made threating comments indicating an intent to cause harm to others by "setting them on fire";

d.  failed to supervise and/or monitor youth residents;

e.  caused, permitted and/or allowed gasoline to be on the premises of the Youth Center;

f.  caused, permitted and/or allowed a youth resident to possess hazardous or dangerous substances and items including gasoline and a lighter;

g.  failed to search for and remove hazardous or dangerous items from the premises and/or from the possession of youth residents;

h.  failed to report and/or otherwise act upon threatening statements made by a youth resident; and/or

i.  failed to take reasonable steps to prevent Plaintiff from being physically harmed by another resident.

41. That the premises of the Youth Center was in a dangerous condition in that gasoline, a hazardous or dangerous substance, was present on the premises and in the possession of a youth resident; that the dangerous condition created a reasonably foreseeable risk of harm to residents of the Youth Center, including Plaintiff; that Youth Center employee(s), cating within the course and scope of his (their) employment, created the dangerous condition of the property and/or knew or could have known of the dangerous condition in time to take measures to protect against the dangerous condition and harm to Plaintiff; that the dangerous condition directly caused or contributed to cause harm to Plaintiff; and that pursuant to § 537.600 RSMo, Defendant Division of Youth Services has thereby waived absolutely sovereign immunity. Alternatively, the Defendant has purchased a policy of insurance for liability and pursuant to § 537.610 RSMo. has waived absolutely sovereign immunity.

42. That the aforesaid actions and omissions of Defendants directly caused or directly contributed to cause Plaintiff to suffer from permanent and serious injuries, including second and third degree burns to his back, arms and neck; emotional distress; and disfigurement; that all of Plaintiff's injuries are serious, painful, permanent and disabling and will cause plaintiff disability in the future; that Plaintiff was caused to undergo necessary medical, hospital and surgical care; and that in the future, Plaintiff will become obligated for the reasonable cost of necessary medical and psychological care and treatment.

43. That the conduct of the Defendants, and each of them, showed conscious disregard and/or reckless indifference to the rights of Plaintiff, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiffs pray the Court enter judgment in Count II herein in favor of Plaintiff and against Defendants for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages, costs and for such other relief as the Court deems just and proper.

DONALD L. SCHLAPPRIZZI, P.C.
Attorneys for Plaintiff


/s/ Donald L. Schlapprizzi
By: Donald L. Schlapprizzi #4284
211 N. Broadway, Suite 2430
St. Louis, Missouri  63102
(314) 241-0763
(314) 241-0787 (fax)
don@schlapprizzipc.com