UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CODY WALTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-CV-1475-RLW |
| ) | |
| DIVISION OF YOUTH SERVICES OF THE ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint Substituting Defendant DYS for John/Jane Doe (ECF No. 156). The Court previously entered a show cause order noting John/Jane Doe 1-10 had not been served, nor had there been any entry of appearance on behalf of John/Jane Doe 1-10. (ECF No. 151). In Plaintiff's Response to the Court's Recent [Show Cause] Order (ECF No. 155), Plaintiff states that he seeks to substitute the Division of Youth Services ("DYS") for John/Jane Doe 1. Defendants previously argued that Plaintiff failed to "preserve a §1983 municipal custom and failure to train claim against DYS" and that "Plaintiff did not plead a §1983 claim against DYS." (ECF No. 142 at 18). Now, "out of an abundance of caution" (ECF No. 155, 157), Plaintiff wants to add DYS as a defendant to the §1983 cause of action. The Court denies Plaintiff's Motion for Leave to File Third Amended Complaint Substituting Defendant DYS for John/Jane Doe for several reasons.

First, Plaintiff's Motion is untimely. Defendants filed a fully-briefed Motion for Summary Judgment, which is currently pending before the Court. This case is also set for a jury

trial on September 8, 2015. As noted by Plaintiff, Defendants argue in their Motion for Summary Judgment that Plaintiff failed to allege a §1983 action against Defendant DYS. Plaintiff apparently seeks to correct this "deficiency" after discovery is closed, summary judgments are fully briefed, and just over a month before trial. Plaintiff claims that there is no prejudice to Defendants because DYS "has been a named party since Plaintiff filed this cause of action in July of 2013" and "[t]he allegations against John/Jane Doe 1 have been present since the onset of this litigation and come has no surprise to Defendants or their counsel." (ECF No. 157 at 1-2). The Court has broad discretion in determining whether to allow a plaintiff to file an amended complaint. *Schenk v. Chavis*, 259 F. App'x 905, 907 (8th Cir. 2008). Further, the Court does not believe that Plaintiff has demonstrated good cause for filing an amended complaint at this late date. *See* Fed.R.Civ.P. 16(b)(4). Rather, Plaintiff indicates that the only reason he is seeking amendment now is because he failed to recognize the need to amend the complaint at an earlier date. The Court believes that Defendants will be prejudiced because they have a fully briefed motion for summary judgment pending before the Court that is premised, at least in part, on Plaintiff's failure to allege a §1983 claim against DYS. *See Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1066 (8th Cir. 2005) (affirming the denial of a motion for leave to file a third amended complaint where the district court had already twice granted leave to amend and an additional amendment would cause "undue delay and prejudice to existing defendants").

Second, the Court believes that amendment of Plaintiff's claims would be futile. Plaintiff seeks to preserve §1983 "municipal custom and failure to train claims" against DYS. (ECF No. 157 at 2). Plaintiff identifies DYS as "an agency of the State of Missouri which, at all relevant times, owned, maintained, controlled and/or operated the W.E. Sears Youth Center ("Youth

2

Center") and the Hillsboro Treatment Center." (Second Amended Complaint, ECF No. 83, ¶2; *see also* proposed Third Amended Complaint, ECF No. 155-1, ¶2 ). A municipality or other local government may be liable under §1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). However, "[t]he State of Missouri is immune from suit under the Eleventh Amendment since it did not consent to this suit." *Tramble-Bey v. Skiba*, 25 F. App'x 486, 487 (8th Cir. 2002) (dismissing §1983 action against the State of Missouri); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984) ("in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). Thus, even if the Court were to allow Plaintiff to amend his pleadings, Plaintiff cannot state a §1983 claim against DYS for violation of a municipal custom because DYS is not a municipality but a state entity immune from suit. *Russell v. Hennepin Cnty.*, 420 F.3d 841, 846 (8th Cir. 2005) ("A municipality may be liable under § 1983 when an official municipal policy or custom caused a violation of a plaintiff's substantive due process rights."); *Hayes v. Faulkner County*, 388 F.3d 669, 674 (8th Cir. 2004); *see also City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989) (requiring that a plaintiff establish a municipal policy or custom that caused a deprivation of his constitutional rights). Likewise, a failure to train action cannot be brought against DYS because such an action can only be brought against a local government entity, not DYS. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (a local government may be subject to § 1983 liability for "inadequate training of its employees").

The Court denies Plaintiff's Motion for Leave to File Third Amended Complaint Substituting Defendant DYS for John/Jane Doe (ECF No. 156) because it is untimely and futile

in that DYS is not a proper defendant for §1983 "municipal custom and failure to train claims." The Court also will dismiss John/Jane Does because they have not been properly named or served within the time permitted under Fed.R.Civ.P. 4(m).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint Substituting Defendant DYS for John/Jane Doe (ECF No. 156) is **DENIED**.

**IT IS FURTHER ORDERED** that John/Jane Doe 1-10 are **DISMISSED** without prejudice.

Dated this 27th day of July, 2015.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

4